IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ELIZABETH DAVIS

        Plaintiff,

v.                                                                  CIVIL ACTION NO. 2:19-cv-00906

WAL-MART STORES EAST, LIMITED
PARTNETSHIP

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiff Elizabeth Davis's ("Plaintiff") Motion to Remand her case brought under the laws of the State of Kentucky. [ECF No. 7]. Plaintiff brought a disability claim (Count I) and failure to accommodate claim (Count II) under the Kentucky Civil Rights Act, intentional infliction of emotional distress (Count III), and negligent training and supervision (Count IV) against Defendants Wal-Mart Stores East, Timothy Borowski, and Randall France ("Defendants"). Plaintiff is a resident of West Virginia; Defendant Walmart Inc. is incorporated in Delaware with its principal place of business in Arkansas; Defendant Borowski is a resident of Kentucky; and Defendant France is a resident of West Virginia. For the reasons that follow, Plaintiff's Motion is **GRANTED**.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and no plaintiff is a citizen of the same state as any defendant. *Lincoln Property Co.*

*v. Roche*, 546 U.S. 81, 84 (2005). Diversity jurisdiction requires "complete diversity" of citizenship between the parties to a controversy. 28 U.S.C. § 1332. As such, no party involved in a diversity suit may share citizenship with an opposing party. *Id.*

Here, there are two ways Plaintiff can succeed on her motion: by showing the amount in controversy does not exceed $75,000 or by showing that Defendant France was not fraudulently joined, therefore demonstrating that complete diversity does not exist. First, I will address the amount in controversy.

"Two rules of Kentucky procedure complicate the question of proper removal to federal court in regard to the amount-in-controversy threshold." *Estate of Beard v. G4S Secure Sols. USA, Inc.*, No. 3:18-CV-00493-RGJ, 2019 WL 1410909, at *1–2 (W.D. Ky. Mar. 28, 2019). First, "Kentucky's Rules of Civil Procedure prohibit a plaintiff from making a specific demand for damages in his or her complaint." *Id.* (citing Ky. R. Civ. P. 8.01(2)). In such cases, "the defendant may assert the amount in controversy in the notice of removal." *Id.* (citing *Jenkins v. Delta Air Lines, Inc.*, No. 3:18-CV-244-CRS, 2018 WL 6728571, at *2 (W.D. Ky. Dec. 21, 2018)). And the defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000 at the time of removal. *Id.* (citing *Rogers*, 230 F.3d at 872); *see also Jefferson v. Hyatt Corp. of Delaware*, No. 3:14-CV-00601-TBR, 2015 WL 1611834, at *2 (W.D. Ky. Apr. 10, 2015) ("Congress has recently clarified how the amount in controversy should be established in Kentucky and other jurisdictions where certain procedural rules make the question a cloudy one. The newly amended 28 U.S.C. § 1446 explains that when 'the State practice either does not

permit demand for a specific sum or permits recovery of damages in excess of the amount demanded,' removal is proper 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).'").

To establish the amount in controversy threshold, "a defendant drawn into a Kentucky court would be wise to engage in pre-removal discovery to clarify the amount in controversy," such as through pre-removal interrogatories or requests for admissions. *See Beard*, No. 3:18-CV-00493-RGJ, 2019 WL 1410909, at *1–2 (quoting *Shannon v. PNC Bank, N.A.*, No. 3:14-CV-00421-CRS, 2015 WL 3541850, at *3 (W.D. Ky. June 2, 2015). However, "failure to conduct pre-removal discovery does not necessarily foreclose the ability to establish the requisite amount in controversy at the time of removal." *Id.*

"In workplace-discrimination…cases, defendants routinely establish the amount in controversy by calculating the value of the plaintiff's compensatory and punitive damages." *Id.* "For example, in *Shupe*, the Sixth Circuit upheld the district court's finding that the amount in controversy was at least $75,000 when the defendant presented evidence that the plaintiff earned $15 per hour and worked 42.5 hours per week," and the amount was calculated to be $68,250. *Id.* (citing *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 480 (6th Cir. 2014)). The court then considered the addition of damages for humiliation, embarrassment, and attorneys' fees and concluded "it was more likely than not that the amount in controversy was at least $75,000." *Id.*

However, in *Beard*, the court found the defendant could not meet the amount in controversy. *Id.* In that case, the defendant conducted no prior discovery but calculated the lost wages to be $30,567. *Id.* The defendant then argued that the plaintiff's "punitive damages, attorneys' fees, and damages for emotional distress, mental anguish, humiliation, embarrassment, and lost benefits" would more likely than not exceed $75,000. *Id.* However, the court held that though it was conceivable those damages combined with the lost wages would exceed the amount in controversy requirement, the amounts were too speculative and did not "establish that, at the time of removal, it was more likely than not that the amount in controversy in this case exceeded the sum of $75,000." *Id.*

In this case, Plaintiff did not make a specific demand for damages in her complaint. With respect to actual damages, Plaintiff purportedly seeks lost income and benefits. Plaintiff further seeks compensatory damages for alleged humiliation, embarrassment, mental and emotional distress, loss of personal dignity, as well as annoyance, inconvenience, mental anguish and non-pecuniary losses. Plaintiff also seeks attorneys' fees and punitive damages for her common law claims of extreme and outrageous conduct and negligent training and supervision.

In regard to lost income, Plaintiff earns an hourly rate of $12.66 per hour and works an average of 34 hours a week, which equates to $22,382.88 in annual wages. According to the complaint, the alleged events began during 2018. Though Plaintiff seeks lost income and benefits, Defendants argue that because "Plaintiff is a current employee of Walmart, it is not anticipated that she would be awarded any amount of

damages for back pay and benefits or front pay and benefits." Def. Notice of Removal [ECF No. 1] ¶ 26. Thus, it is unclear how wages should be calculated into the damages, if at all. But, arguendo, even adding all of Plaintiff's wages for 2018 and 2019, that number would only come to $44,764.

Defendants rely upon the fact that Plaintiff seeks punitive damages, attorneys' fees, as well as compensatory damages for alleged "humiliation, embarrassment, mental and emotional distress, loss of personal dignity," and "annoyance, inconvenience…mental anguish and non-pecuniary losses" to argue that the amount in controversy exceeds $75,000. Defendants assert that because juries have awarded verdicts in excess of $75,000 in sexual harassment and retaliation cases and a wrongful termination case in the past, Plaintiff's potential damages more likely than not exceed $75,000. Further, Defendants claim that because courts have awarded attorneys' fees in the amount of 50% of damages, then Plaintiff "unquestionably" meets the jurisdictional threshold.

While it is conceivable that Plaintiff is entitled to over $75,000 based on her request for punitive damages, attorneys' fees, and other types of damages, Defendants' arguments are too speculative. Defendants conducted no "pre-removal discovery to clarify the amount in controversy." *See Beard*, No. 3:18-CV-00493-RGJ, 2019 WL 1410909, at *1–2. Defendants have not explained with any specificity how this case would be similar to the other cases they cite where juries awarded high verdicts. Therefore, Defendants have failed to establish that, at the time of removal, that by a preponderance of the evidence, the amount in controversy in this case

exceeded the sum of $75,000. Accordingly, 28 U.S.C. § 1332(a)'s amount-in-controversy requirement is not satisfied, and the Court lacks diversity jurisdiction.

I find it is not necessary to reach the question of whether Defendant France was fraudulently joined.

For the foregoing reasons, Plaintiff's Motion for Remand [ECF No. 7] is **GRANTED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 20, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE